UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAYTON, | No. 2:22-cv-1810 TLN DB PS |
| Plaintiff, | |
| v. | ORDER |
| WEBULL FINANCIAL LLC, | |
| Defendant. | |

Plaintiff Barry Layton is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are plaintiff's motion for a preliminary injunction and defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 3 & 12.) For the reasons stated below, plaintiff's motion for a preliminary injunction is denied, defendant's motion to dismiss is granted, and plaintiff is granted leave to file an amended complaint.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on October 13, 2022, by filing a complaint, a motion to proceed in forma pauperis, and a motion for a preliminary injunction.[1]

---

[1] Plaintiff later paid the applicable filing fee and withdrew the motion to proceed in forma pauperis. (ECF No. 5.)

1

1  (ECF Nos. 1-3.)  The complaint alleges that defendant Webull Financial LLC engaged in theft,
2  misrepresentation, and breach of trust.  (Compl. (ECF No. 1) at 5.[2])  Defendant filed a motion to
3  dismiss and an opposition to the motion for preliminary injunction on February 9, 2023.  (ECF
4  Nos. 12 & 13.)  Plaintiff filed an opposition to the motion to dismiss on March 23, 2023.  (ECF
5  No. 16.)  Defendant filed a reply on April 3, 2023.  (ECF No. 17.)  The motion to dismiss was
6  taken under submission on April 4, 2023.  (ECF No. 18.)

## STANDARDS

### I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

**II.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

1  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
2  statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove
3  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have
4  not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
5  459 U.S. 519, 526 (1983).

## ANALYSIS

### I.    Defendant's Motion to Dismiss

Review of the complaint finds that defendant's motion to dismiss must be granted. In this regard the complaint fails to allege the elements of a claim or any facts in support. Instead, the complaint's "Statement of Claim," consists of just four numbered entries. (Compl. (ECF No. 1) at 5.) These entries assert vague and conclusory allegations devoid of factual support, such as "False debit of monies from Client Account," and "Incorrect accounting, no sign change on closing spreads." (Id.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the

4

harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly–Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).

Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess v. Ciba—Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

Here, because the complaint is devoid of any factual allegations defendant's motion to dismiss will be granted.[3]

**II.     Leave to Amend**

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

---

[3] Defendant's motion to dismiss also argues that the complaint fails to establish diversity jurisdiction and that plaintiff's claims are barred by *res judicata* because they were arbitrated before the Financial Industry Regulatory Authority ("FINRA"). (Def.'s MTD (ECF No. 12) at 2-4.) Those arguments may be true. See generally Gonzales v. Fresenius Medical Care Holdings, CASE NO. 12cv2488, 2013 WL 12116599, at *2 (S.D. Cal. Mar. 11, 2013) ("Plaintiff must set forth sufficient allegations that plausibly suggest that the amount in controversy"); Farber v. Goldman Sachs Group, Inc., No. 10 Civ. 873 (BSJ) (GWG), 2011 WL 666396, at *5 (S.D. N.Y. Feb. 16, 2011) (finding claims that "were, or could have been, raised" before FINRA barred by *res judicata*). Plaintiff's complaint, however, is simply far too vague and conclusory to make such a determination at this time.

1    Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend
2    would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted
3    leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file
4    an amended complaint "the tenet that a court must accept as true all of the allegations contained
5    in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause
6    of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.
7    "While legal conclusions can provide the complaint's framework, they must be supported by
8    factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line
9    from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

10    Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
11    amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
12    in itself without reference to prior pleadings.  The amended complaint will supersede the original
13    complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
14    just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
15    and identified in the body of the complaint, and each claim and the involvement of each
16    defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file
17    must also include concise but complete factual allegations describing the conduct and events
18    which underlie plaintiff's claims.

### III.    Plaintiff's Motion For Preliminary Injunction

20    "In order to obtain a preliminary injunction, a party must establish (1) 'that [it] is likely to
21    succeed on the merits,' (2) 'that [it] is likely to suffer irreparable harm in the absence of
22    preliminary relief,' (3) 'that the balance of equities tips in [its] favor,' and (4) 'that an injunction
23    is in the public interest.'" Nationwide Biweekly Administration, Inc. v. Owen, 873 F.3d 716, 730
24    (9th Cir. 2017) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20
25    (2008)).  "'[A] stronger showing of one element may offset a weaker showing of another,'"
26    however, "[a]ll four elements must be satisfied." hiQ Labs, Inc. v. LinkedIn Corporation, 938
27    F.3d 985, 992 (9th Cir. 2019) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127,
28    1131 (9th Cir. 2011)).

Moreover, "[a] preliminary injunction is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." American Beverage Association v. City and County of San Francisco, 916 F.3d 749, 754 (9th Cir. 2019). And "[t]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015).

Here, because plaintiff's complaint will be dismissed with leave to amend due to failure to state a claim, the undersigned could not find that plaintiff has established a likelihood of success on the merits. For these reasons, plaintiff's motion will be denied without prejudice to renewal.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's February 9, 2023 motion to dismiss (ECF No. 12) is granted;

2. The complaint filed October 13, 2022 (ECF No. 1) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[4] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

4. Plaintiff's October 13, 2022 motion for preliminary injunction (ECF No. 3) is denied without prejudice to renewal; and

5. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: June 29, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/layton1810.mtd.ord

---

[4] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

7